IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CV-328-FL

| | |
|---|---|
| JOAN L. MILLIGAN, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| FAYETTEVILLE STATE UNIVERSITY, | ) |
| Defendant. | ) |

This matter is before the court upon defendant's motion to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (DE 14). The motion has been briefed fully, and in this posture the issues raised are ripe for ruling. For the following reasons, the motion is denied.

### STATEMENT OF THE CASE

Plaintiff, proceeding pro se, commenced this employment discrimination action June 16, 2023, by motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915, and complaint, relying on a charge of discrimination filed with the Equal Opportunity and Employment Commission ("EEOC") and its right to sue letter. By order and memorandum and recommendation ("M&R"), Magistrate Judge Robert B. Jones, Jr. allowed plaintiff to proceed in forma pauperis, and, on frivolity review, considering plaintiff's complaint and all documents filed by her, allowed all plaintiff's claims, which arise under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 et seq., and Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, to proceed.

Counsel entered appearance on behalf of plaintiff October 4, 2023. Defendant filed the instant motion December 18, 2023, plaintiff responded, and defendant replied. The court has stayed scheduling conference activities pending ruling on the instant motion.

## STATEMENT OF FACTS

Plaintiff worked for defendant, at Chesnutt Library, for 34 years. (DE 1-1 at 2).[1] She alleges she is a disabled veteran and was approved for "ADA accommodations" in 2018. (DE 1-1 at 1). These accommodations included having certain lights in her work area turned off, (see id.), and having a short, accessible walkway from her work cubicle. (See id. at 2).

Lawrence Treadwell IV ("Treadwell"), the library director, "was informed of [plaintiff's] approved accommodations," (see id. at 1), however, he allegedly "was against [those] accommodations," and "deliberately" turned on lights that ordinarily stayed off as part of plaintiff's accommodations. (Id.). Treadwell subsequently met with plaintiff to tell her not to take a pathway she had taken "for 16 years" where it had been blocked by book trucks, and did not respond to plaintiff's representation that the path was part of plaintiff's "needed medical accommodations." (Compl. at 7). Three days later, plaintiff "inquired about [her] job duties being removed from [her] upcoming workplan." (Id.).

Treadwell later sent an email to other library staff working near plaintiff, informing them that there would only be one path of travel in that area. (Id.). He also allegedly told one of

---

[1] "The court may consider documents attached to the complaint . . . so long as they are integral to the complaint and authentic." Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007). Under this standard, here, the court considers the allegations in plaintiff's EEOC charge attached to the complaint. (See compl. at 6 ("I filed charges with the [EEOC] regarding defendant['s] alleged discriminatory conduct on or about August 11, 2022.")). Page numbers in citations to documents and briefs in the record specify the page number imposed by the court's electronic filing system rather than the page number showing on the face of the document, if any.

2

plaintiff's colleagues to block an alternative path. (Id.). Plaintiff's duties were "assigned to other staff members," and on June 22, 2022, her "position was terminated by a reduction in force." (Id.).

**COURT'S DISCUSSION**

A.   Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).[2] "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

B.   Analysis

Plaintiff asserts claims for disability discrimination and retaliation under the ADA and age discrimination under the ADEA. The court addresses each claim in turn.

    1.   ADA

        a.   Discrimination

The ADA "prohibits an employer from discriminating against an individual with a disability who, with [or without] reasonable accommodation, can perform the essential functions of the job." U.S. Airways v. Barnett, 535 U.S. 391, 393 (2002). At this stage in the litigation, "a

---

[2]   Throughout this order, internal citations and quotation marks are omitted unless otherwise specified.

plaintiff is not required to plead facts that constitute a prima facie case." Coleman v. Md. Ct. of Appeals, 646 F.3d 187, 190 (4th Cir. 2010). Instead, an ADA plaintiff is "required to allege facts to satisfy the elements of a cause of action created by that statute," McCleary-Evans v. Maryland Dept. of Transp. State Highway Admin., 780 F.3d 582, 586 (4th Cir. 2015), in this case, "1) that she has a disability, 2) that she is a 'qualified individual' for the employment in question, and 3) that [her employer] discharged her (or took other adverse employment action) because of her disability." E.E.O.C. v. Stowe-Pharr Mills, Inc., 216 F.3d 373, 377 (4th Cir. 2000). The court considers these elements in turn below.

i. Disability

A disability under the ADA is defined as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual" (actual disability), "a record of such an impairment," (record of disability), or "being regarded as having such an impairment" (perceived disability). 42 U.S.C. § 12102(1). A substantially limiting impairment is one that "substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population." 29 C.F.R. § 1630.2(j)(1)(ii). Statutorily enumerated examples of "major life activities" include "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 42 U.S.C. § 12102(2)(A).

Plaintiff has alleged facts permitting an inference that she has a disability. Plaintiff's charge of discrimination, which was attached to and filed with her complaint, states that "HR [a]pproved previous ADA accommodations in the year 2018." (DE 1-1 at 1). In addition, the charge of discrimination states that Treadwell "was informed of [plaintiff's] approved accommodations," which included that certain lights were to remain off, and "deliberately turned"

4

those lights on. (Id.). While not a model of clarity, plaintiff's complaint references her "[a]pproved ADA accommodations" (compl. at 2) and alleges that she informed Treadwell of "needed medical accommodations." (Id. at 7). Construing all factual allegations in plaintiff's favor, the court infers that defendant had a record of and perceived plaintiff's disability.

Defendant argues that plaintiff's failure to plead facts "asserting her disability or how said disability substantially limits her ability to work" dooms her claim. (DE 23 at 4). However, this argument focuses only on actual disability, ignoring two of the three ways a plaintiff may assert the existence of a disability under the ADA. See 42 U.S.C. § 12102(1). Accordingly, defendant's argument on this basis is unavailing.

                ii.      Qualified Individual

A "qualified individual" is one who "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds[.]" Tyndall v. National Educ. Centers, Inc. of California, 31 F.3d 209, 212-13 (4th Cir. 1994) (quoting 42 U.S.C. § 12111(8)).

Plaintiff has alleged facts permitting an inference that she was a qualified individual at the time she filed her complaint. Plaintiff's charge of discrimination states that she has "worked at Chesnutt library for 34 years," (DE 1-1 at 2), and occupied the same workstation for 16 of those years. (Compl. at 7). As recently as June 10, 2021, her job description was "updated with many continued job duties approved." (Id.). Thus, plaintiff's long tenure at the same institution supports an inference that she could perform the essential functions of her job.

5

### iii. Causation

A plaintiff asserting discrimination under the ADA must allege facts permitting an inference "that his or her disability played a motivating role in the [adverse] employment decision" complained of. Baird ex rel. Baird v. Rose, 192 F.3d 462, 470 (4th Cir. 1999).

Plaintiff's EEOC charge states that Treadwell "was against [plaintiff's] approved ADA [a]ccommodations upon his hiring," and that he "deliberately turned" on lights that he knew were to remain off as part of plaintiff's accommodations. (DE 1-1 at 1). Treadwell also allegedly offered plaintiff a position he knew she would not be able to accept because it was outside her medical restrictions in an attempt to "cause [her] to leave." (Id. at 2). In her complaint, plaintiff alleges that Treadwell took multiple steps to obstruct the route on which plaintiff relied, including "sending an email to staff in [plaintiff's] area that there" would now be only one walkway and instructing one of plaintiff's colleagues to block the area outside that colleague's cubicle. (DE 1 at 7). Accordingly, plaintiff has alleged facts permitting an inference of causation.

Defendant contends "an employee must allege that his disability was a 'but-for' cause of his termination," (DE 23 at 6), citing jury instructions given in a case later appealed. See Gentry v. East West Partners Club Management Co. Inc., 816 F.3d 228, 238 (4th Cir. 2016). The cited portion of the jury instructions, however, were not the subject of that appeal or addressed by the Fourth Circuit, which repeatedly has endorsed the "motivating role" standard relied upon by the court. See Baird, 192 F.3d at 470; Constantine v. Rectors and Visitors of George Mason University, 411 F.3d 474, 498 n.17 (4th Cir. 2005); Daye v. School Bd. of City of Norfolk, 18 Fed. Appx. 125, 127 (4th Cir. 2001). Defendant's contention accordingly does not provide a basis for dismissing plaintiff's disability discrimination claim.

6

In sum, plaintiff has stated a claim for disability discrimination. That part of defendant's motion seeking dismissal of this claim is denied.

      b.      Retaliation

To state a claim for retaliation, a plaintiff must allege either "direct evidence of retaliatory animus," Jacobs v. N.C. Administrative Office of the Courts, 780 F.3d 562, 578 (4th Cir. 2015), or that 1) she "engaged in protected conduct; 2) [s]he suffered an adverse action; and 3) a causal link exists between the protected conduct and the adverse action." Reynolds v. American Nat. Red Cross, 701 F.3d 143, 154 (4th Cir. 2012).

A plaintiff may "demonstrate that a protected activity caused an adverse action" inter alia by establishing "that the adverse act bears sufficient temporal proximity to the protected activity." Roberts v. Glenn Industrial Group, Inc., 998 F.3d 111, 123 (4th Cir. 2021); see also Foster v. University of Maryland-Eastern Shore, 787 F.3d 243, 253 (4th Cir. 2015) (finding that a one-month gap between protected activity and termination "tend[ed] to show causation"); Silva v. Bowie State University, 172 Fed. Appx. 476, 478 (Feb. 10, 2006) ("We find that the ten-week lapse of time sufficiently established a prima facie case of retaliation"); Pascual v. Lowe's Home Centers, Inc., 193 Fed. Appx. 229, 234 (4th Cir. 2006) (finding allegations of causation by temporal proximity insufficient where "at least three to four months separated the termination of [plaintiff's] employment and the claimed protected activities").

Plaintiff alleges that January 12, 2022, she "submitted a complaint for discrimination and harassment" by Treadwell "to Human Resources." (Compl. at 7). The next month, plaintiff learned Treadwell had stated he "wanted [plaintiff] gone." (Id.). Thereafter, the path near her workstation was blocked off, and on March 28, 2022, plaintiff was "called into a meeting with" Treadwell, during which she explained the path was part of her "needed medical

7

accommodations."  (Id.).  Three days later, plaintiff  "inquired about [her] job duties being removed from [her] upcoming workplan."  (Id.).

Construing all allegations in favor of the plaintiff, it is reasonable to infer that plaintiff's duties in fact were removed fewer than three days after she expressed her need for a medical accommodation to Treadwell.  At some point in June, plaintiff's "job duties were assigned to other staff members," and her "position was terminated by a reduction in force" June 22, 2022.  Thus, because of the alleged timing of these events and the nature of the alleged reprisals, plaintiff states facts permitting an inference that a "causal relationship exist[s] between the protected activity and the adverse employment" action.  Foster, 787 F.3d at 250.

Defendant argues nonetheless that plaintiff's retaliation claim is foreclosed by her failure to exhaust administrative remedies.  The court disagrees.

An individual asserting violation of the ADA "must exhaust [her] administrative remedies by filing a charge with the EEOC before pursuing a suit in federal court." Sydnor v. Fairfax County, 681 F.3d 591, 593 (4th Cir. 2012).  This requirement "ensures that the employer is put on notice of the alleged violations," Miles v. Dell, Inc., 429 F.3d 480, 491 (4th Cir. 2005), and provides the employer with "a chance to address the alleged discrimination prior to litigation." Sydnor, 681 F.3d at 59.  "An administrative charge of discrimination does not strictly limit a [discrimination] suit which may follow; rather, the scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination." Chisholm v. United States Postal Service, 665 F.2d 482, 491 (4th Cir. 1981).

Plaintiff's EEOC charge states, "[t]his all started after my official complaint with Human Resources and is a form of retaliation."  (Compl. at 2).  This straightforward allegation put defendant "on notice" of plaintiff's allegation of harassment. Miles, 429 F.3d at 491. Defendant

8

contends that plaintiff's failure to check the retaliation box on her charge form precludes recovery for retaliation; however, defendant does not cite, and the court has not found, any controlling case suggesting that mere failure to check the appropriate box dooms a discrimination claim. Indeed, in Berry v. GE Corporation, on which defendant relies, a plaintiff's age and disability discrimination claims were foreclosed by his failure to exhaust administrative remedies not simply because the plaintiff "did not check the box on the charge form for discrimination on the basis of age or disability," but also because that the charge of discrimination "did not remotely suggest that [defendant] had discriminated against [plaintiff] on the basis of his age or disability." No. 7:08-cv-007, 2008 WL 2726959 at *3 (W.D. Va. Jul. 11, 2008) (emphasis added).

Here, by contrast, plaintiff did suggest in her EEOC charge that defendant had retaliated against her by alleging "[t]his all started after my official complaint with Human Resources and is a form of retaliation." (DE 1-1 at 2). Mindful of the Fourth Circuit's directive that "the exhaustion requirement should not become a tripwire for hapless plaintiffs," the court declines to dismiss plaintiff's retaliation claim based solely on her failure to check the retaliation box on the charge of discrimination form. Snydor, 681 F.3d at 594.

Thus, plaintiff has stated a claim for retaliation. That part of defendant's motion seeking dismissal of this claim is denied.

2. ADEA

Defendant raises as a threshold issue that plaintiff waived her age discrimination claim by failing to address in her opposition brief defendant's arguments in favor of dismissal of this claim. Defendant also argues on the merits that plaintiff has failed to allege facts supporting this claim. The court addresses these issues in turn below.

9

a. Waiver

The United States Court of Appeals for the Fourth Circuit has not determined the effect of a party's failure to respond in an opposition brief to an argument raised in a motion to dismiss. Here, dismissing plaintiff's ADEA claim on the basis of waiver is not warranted, given that she argues against its dismissal on the basis of the prior frivolity determination by the magistrate judge. In particular, plaintiff argues in her opposition brief that a ruling in defendant's favor would require the court to revisit its September 20, 2023, determination that plaintiff's allegations "were sufficient to state a claim under the . . . Age Discrimination in Employment Act." (DE 20 at 5).

Defendant nonetheless cites to this court's determination in McLean v. Leonard, No. 5:14-cv-718, 2015 WL 5725818 (E.D.N.C. Sept. 30 2015), that a plaintiff "conceded" arguments in favor of dismissal where she failed to address them in her brief in opposition to a motion to dismiss. Id. at *6. McLean, however, is distinguishable because the plaintiff there did not assert in his opposition brief any arguments against dismissal of those claims, and the court also found dismissal warranted on the merits. Other district court cases finding waiver are likewise distinguishable. See, e.g., Waterford I at Cary Park Condo. Homeowners Ass'n, Inc. v. Nationwide Prop. & Cas. Ins. Co., 669 F. Supp. 3d 531, 538 (E.D.N.C. 2023) (finding waiver where the plaintiff was "silen[t]" in response to defendant's arguments).

In sum, where plaintiff has advanced arguments in support of her ADEA claim in her opposition to the instant motion, dismissal on the basis of waiver is not appropriate.

b. Merits

The ADEA "prohibits employers from refusing to hire, discharging, or otherwise discriminating against any person who is at least 40 years of age because of the person's age." EEOC v. Baltimore County, 747 F.3d 267, 272 (4th Cir. 2014). A plaintiff asserting a claim of

10

age discrimination must allege facts permitting an inference that her age was the "but-for cause of the challenged adverse employment action." Gross v. FBL Financial Services, Inc., 557 U.S. 167, 180 (2009). Evidence "that other employees who were similarly situated to the plaintiff (but for the protected characteristic) were treated more favorably" may be offered to show that "an adverse employment action was driven by a discriminatory motive." Laing v. Federal Exp. Corp., 703 F.3d 713, 719 (4th Cir. 2013).

Plaintiff has alleged facts sufficient to infer that age was a determining factor in defendant's decision to terminate her position. Plaintiff's EEOC charge states that she is "over the age of 40," had "worked at Chesnutt Library for 34 years," and "was not given a raise like the other younger staff." (DE 1-1 at 2). The charge repeatedly references four staff members who did not get a raise, all of whom allegedly are "50 and above." (Id.). The complaint additionally alleges that "out of 12 SHRA employees," which the court construes as those employees covered under the State Human Resources Act, N.C. Gen. Stat. § 126-1.1 et seq., "everyone" received "market salary increases" except the four individuals aged 50 and over. (Id.). These facts are sufficient plausibly to allege that plaintiff's age was the "but-for" cause of discriminatory actions taken against her.

Defendant argues that plaintiff has not alleged that she was over 40 years old. However, plaintiff's EEOC charge is attached to the complaint and incorporated therein, see Trimble Navigation Ltd., 484 F.3d at 705, and the EEOC charge contains allegations that plaintiff was over 40 years old. In addition, the complaint states that plaintiff began working in 1987, over 35 years before her termination, creating a plausible inference that plaintiff was at least 40 years old when the alleged discrimination took place. (Compl. at 4). Additionally, contrary to defendant's assertion, "an employment discrimination plaintiff need not plead a prima facie case of

11

discrimination" in order to survive a motion to dismiss. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515 (2002).

Therefore, plaintiff has stated a claim for age discrimination. That part of defendant's motion seeking dismissal of this claim accordingly is denied.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 14) is DENIED in all parts. Plaintiff's claims may proceed. In accordance with Rule 12(a)(4) of the Federal Rules of Civil Procedure, defendant must serve a responsive pleading to the complaint within 14 days of entry of this order.

SO ORDERED, this the 14th day of June, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge